IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor, United States<br>Department of Labor<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>AMF COMPANIES, LLC d/b/a,<br>AMF CONSTRUCTION,<br><br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:22-mc-2 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

The Secretary of the United States Department of Labor ("DOL") petitions the Court to enforce an administrative subpoena *duces tecum* served upon the respondent, AMF Companies, LLC, a construction, remodeling and home design business in Bibb County, Georgia. Doc. 1. After a review of the DOL's petition and documents submitted in conjunction with the Court's Order to Show Cause, the DOL's petition (Doc. 1) is **GRANTED**.

## I. BACKGROUND

The DOL's Wage and Hour Division ("WHD") began investigating AMF in November of 2021, after receiving a complaint from an employee. Doc. 1-2 at 1. The focus of that investigation, which is still ongoing, is to determine AMF's compliance with the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. Docs. 1-1 at 1; 1-2 at 1; 8-1 at 2-4. AMF was informed of the DOL's investigation on December 8, 2021, through an electronic letter emailed by the WHD's investigator to AMF's owner,

Mark Ferland.  Docs. 1-2 at 1; 8-1 at 2-4.  That letter expressly stated its purpose was to "inform you of the agency's plans to conduct an office audit of your business to determine your compliance with the FLSA."  Doc. 8-1 at 2.  After outlining the WHD's authority to conduct such an investigation, the letter went on to request eleven categories of "electronic copies of documents" to support the inquiry.  Docs. 1-2 at 1-2; 8-1 at 2-3.  One week later, the WHD investigator sent an additional copy of the letter to the registered agent of AMF.  Doc. 1-2 at 1-2.

AMF failed to provide documents in response to either of the WHD's informal requests.  *Id.* at 2.  Consequently, the WHD served an administrative subpoena, which was received by AMF's office manager in Macon, Georgia on January 12, 2022.  Docs. 1-2 at 2, 5-7; 8-3 at 2.  The subpoena sought the same documents previously requested by the WHD on December 8, 2021.[1]  *See* Docs. 1-2 at 6; 8-1 at 3.  Specifically, the administrative subpoena sought documents to identify AMF's (1) gross revenue for calendar years 2018 through 2020; (2) company officers, owners, and organizational charts, if available; (3) legal names, trade names, date of formation and other operating locations; (4) current and former employees, both temporary and permanent, from November 2019 to the present; (5) payroll, time, and attendance records from November 2019 to the present; (6) employees under the age of eighteen, to include their birth dates, who worked anytime from November 2019 to the present; (7) time records for all persons who performed work, to include independent contractors or

---

[1] While the WHD's letter and subsequent administrative subpoena were worded differently, the only substantive difference appears to be that the December 8, 2021, letter requested "a copy of three invoices for supplies, equipment purchased from out of state vendors" in addition to a "[c]opy of employee handbook provided to employees."  *See* Docs. 1-2 at 6; 8-1 at 3.  Those documents were not sought by the administrative subpoena.  *Id.*

subcontractors, from November 2019 to the present; and (8) Federal Employer Identification Number.  Doc. 1-2 at 6, 10.  The administrative subpoena required AMF to produce these documents by January 26, 2022.  *Id.* at 2.

AMF informed the WHD, through a letter sent on January 21, 2022, that it objected to the subpoena both procedurally and substantively.  Docs. 1-2 at 2; 8-3 at 2-3.  Aside from noting that the subpoena was not properly served, AMF opined that the substance of the subpoena is "clearly overly broad" and that the WHD "has failed to provide any factual basis for its investigation."  Doc. 8-3 at 2-3.  In short, AMF took the position that it would "not comply with [the subpoena] unless and until it is ordered to do so by a court of competent jurisdiction."  Docs. 1-1 at 6; 8-3 at 2.

Undeterred, the DOL's WHD served a second subpoena on March 25, 2022, this time on AMF's owner, Mark Ferland.  Doc. 1-2 at 2, 9-11.  The substance of the second subpoena mirrored the first and required AMF to produce responsive documents to the WHD's Atlanta office by April 7, 2022.  *Id.* at 2, 9-10.  Through a letter sent on April 12, 2022, AMF once again objected to the "scope and breadth" of the subpoena, "particularly since the [WHD] has refused to provide any basis for its apparent investigation."  Docs. 1-2 at 2; 8-2 at 2.  Indeed, AMF only produced payroll records for one employee for the month of July 2021, under the apparent belief that it was that individual who filed the complaint with the DOL.  Docs. 1-2 at 2; 8-2 at 2-3.  In other words, AMF failed to respond to the second subpoena.

The DOL filed a petition for enforcement of the subpoena on May 11, 2022.  Doc. 1.  An Order to Show Cause why the subpoenas ought not be enforced was issued (Doc. 2), and AMF filed a response in opposition.  Doc. 5.  The Court ordered the DOL

to reply to AMF's objections, and the DOL complied. Docs 7; 8; 8-1; 8-2; 8-3. The matter is now ripe for adjudication.

## II. STANDARD

The purpose of an administrative subpoena is "to discover and procure evidence, not prove a pending charge or complaint, but upon which to make one if, in the [DOL's] judgment, the facts thus discovered should justify doing so." *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 201 (1946). "The very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties of industry regulation is the rapid exercise of the power to investigate." *Fed. Election Comm'n v. Machinists Non-Partisan Pol. League*, 655 F.2d 380, 385 (D.C. Cir. 1981). As such, "[i]t is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991).

In other words, a district court must enforce a subpoena if (1) the administrative investigation is within the agency's authority, (2) the information sought is reasonably relevant to the investigation; and (3) the agency's demand is not too indefinite or overly burdensome. *Inspector Gen. of U.S. Dep't of Agric. v. Griffin*, 972 F. Supp. 676 (M.D. Ga. 1997), *aff'd* 122 F.3d 1007 (11th Cir. 1997). "Once this standard has been met by the Government, unless the party opposing enforcement can make a sufficient showing that summary enforcement would abuse the court's process, the Court will summarily enforce an administrative subpoena." *Id.*

## III. DISCUSSION

### A. The DOL Has Established a Prima Facie Standard Of Enforceability

*1. FLSA Investigations Are Within the DOL's Statutory Authority*

AMF concedes that investigations into compliance with the FLSA are within the purview of the DOL, and rightfully so. Doc. 5. at 5. Pursuant to 29 U.S.C. § 211(a), "the Administrator or his designated representatives may investigate and gather data regarding the wages, hours and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records … as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211(a). The DOL is further authorized to issue subpoenas to compel the production of documentary evidence related to any matter under investigation into employment practices and compliance with the provisions of the FLSA. *See* 29 U.S.C. § 209.

Nonetheless, AMF contends "Petitioner has made it impossible for AMF Construction to argue that the information requested is within [the DOL's] statutory authority since Petitioner has entirely failed to provide the basis for its investigation." Doc. 5 at 5. The basis for this assertion is unclear. AMF at least knew that the WHD's investigation was related to the FLSA by December 8, 2021, because a letter was sent to Mark Ferland, the owner of AMF, on that date. Doc. 8-1 at 2. That letter requested the same information that was later sought through the administrative subpoenas served on January 12, 2022, and March 25, 2022. Docs. 1-2 at 5-11; 8-1 at 3. Put differently, AMF knew the WHD was conducting a FLSA investigation, and thus knew

the administrative subpoena that was issued a month later was related to that investigation. Because FLSA compliance is within the statutory authority of the DOL, the DOL was acting within its statutory authority when it issued subpoenas related to that investigation. 29 U.S.C. § 211(a); *see Kloster Cruise*, 939 F.2d at 922.

### 2. The Subpoenaed Records Are Relevant

The DOL has satisfied its burden of showing that the information sought from AMF is reasonably relevant to its FLSA investigation. "Relevance in enforcement proceedings must be construed broadly." *Solis v. PulteGroup, Inc.*, 2013 WL 4482978, at *4 (E.D. Mich. Aug. 19, 2013) (citing *Doe v. United States*, 253 F.3d 256, 265 (6th Cir. 2001). "Indeed, '[t]he investigative subpoena power of the Department of Labor is equal to the subpoena power of the federal grand jury.'" *Id.* (quoting *Friends Soc. Club v. Sec'y of Labor,* 763 F. Supp. 1386, 1390 (E.D. Mich. 1991). "In this regard, so long as the information sought is not plainly incompetent or irrelevant to any lawful purpose of the [DOL], the Court is obliged to enforce the subpoena." *Griffin*, 972 F. Supp. at 679 (citations and internal marks omitted).

As evidenced by the subpoena, the DOL has requested documents that will allow it to determine whether AMF is subject to the FLSA, and if so, whether AMF has violated the Act. *See* Doc. 1-2 at 5-11. Such documents include payroll records, the hours that employees worked, basic information about AMF's business, as well as information to determine whether child labor issues exist. *Id.* AMF does not directly argue the subpoenaed documents are not relevant to the DOL's FLSA investigation, but rather contends that since it believes it knows the identity of the complaining employee, everything else is irrelevant. Docs. 5 at 4; 8-3 at 2-3. That's not how it works. Clearly,

the DOL's investigation goes beyond that of the one complaining employee, and the goal of that investigation is to determine whether AMF has violated the FLSA with regard to some or all of its employees. The DOL has satisfied its burden with respect to the relevance of the documents it seeks.

      *3. The Subpoena is Not Indefinite or Overly Burdensome*

AMF's response focuses on the "overly burdensome" portion of this element. *See* Doc. 5 at 5. AMF contends it was unreasonable for the DOL to demand production within thirteen calendar days of service, and unreasonable for the DOL to demand that the documents sought be delivered to its Atlanta offices. *Id.* at 5-6. But any burden here is AMF's own making. AMF knew, at least by December 8, 2021, that the WHD of the DOL was conducting a FLSA investigation because it received a letter informing it of that fact and an informal demand for the documents at issue. Docs. 1-2 at 1; 8-1 at 2-4. To claim, as AMF does, that it is unreasonable to request documents within thirteen days of the second subpoena, albeit the first one properly served, is entirely disingenuous because those documents were first informally requested over three months prior. Moreover, many of the documents sought by the DOL are required to be made, kept, and preserved by AMF pursuant to the FLSA and Federal Regulations. 29 U.S.C. § 211(c); 29 C.F.R. § 516.1. Simply put, if AMF is complying with record retention requirements, there shouldn't be any issue producing the documents at issue within a two-week period.

As to AMF's contention that physical production is overly burdensome, that argument also fails. AMF had the option of electronic production from the outset, with the WHD even noting that it "prefers" that AMF "submit all records electronically through

the WHD Portal." Doc. 8-1 at 3. Rather than do that, AMF chose to ignore the requests. Doc. 1-2 at 1-2. When the DOL was forced to resort to an administrative subpoena, and then replicate that effort because AMF contended the first subpoena was improperly served, that option was no longer on the table.[2] *See* Doc. 1-2 at 5, 9. In any event, that objection is moot. AMF has now had ample time to gather the documents.

In the end, the DOL's subpoena is neither indefinite nor overly burdensome. Thus, the Court finds that the DOL has established the prima facie standard for enforcement of the subpoena at issue.

## B. The Enforcement of the Subpoena is Not an Abuse of the Court's Process

Because the DOL has made out a prima facie case for enforcement of its subpoena, the burden is upon AMF to prove that judicial enforcement of the subpoena would be an abuse of the court's process. *United States v. Powell*, 379 U.S. 48, 58 (1964). "Such an abuse would take place if the [administrative subpoena] had been issued for an improper purpose" contrary to the "good faith of the particular investigation." *Id.* But "until evidence appears to the contrary, agencies are entitled to a presumption of regularity and good faith." *FTC v. Owens–Corning Fiberglas Corp.*, 626 F.2d 966, 975 (D.C. Cir. 1980). "Mere allegations are not enough to put the agency's good faith in issue, or to raise a substantial question of abuse." *Matter of Plavin*, 2016 WL 11775142, at *6 (N.D. Ga. Feb. 4, 2016) (citations omitted), *report and*

---

[2] If AMF had requested such an accommodation, which the DOL contends it didn't, the DOL noted it "would have accepted the documents electronically or given Respondent additional time to gather the documents." Doc. 8 at 5-6.

*recommendation adopted sub nom. United States v. Plavin*, 2016 WL 11775141 (N.D. Ga. Apr. 6, 2016).

Here, AMF fails to identify any affirmative misrepresentation on the part of the DOL, and it does not point the Court to any duty to disclose that the DOL may have breached by failing to reveal the complete nature of the investigation resulting in the administrative subpoena. In any event, the identity of the complaining employee is privileged. *See e.g., Solis v. New China Buffet No. 8, Inc.*, 2011 WL 2610296, at *2 (M.D. Ga. July 1, 2011) (recognizing that the informer's privilege protects the identity of employees who file complaints with the DOL's WHD). In addition, the material sought by the subpoena—payroll records and records that show the hours AMF's employees worked—appear closely tied to the subject matter of the FLSA investigation. In short, AMF has put forth no evidence to suggest judicial enforcement of the DOL's subpoena would constitute an abuse of the Court's process.

## IV. CONCLUSION

For the reasons discussed above, the DOL's petition for enforcement of its administrative subpoena *duces tecum* (Doc. 1) is **GRANTED**. AMF shall produce all documents responsive to the subpoena. The required documents shall be produced within 14 days of this order. Failure to comply with this order may result in sanctions including a finding of contempt.

**SO ORDERED**, this 15th day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
